# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ISAR MEITIS,**

        **Plaintiff,**

**-vs-**             **Case No. 6:08-cv-1080-Orl-22GJK**

**PARK SQUARE ENTERPRISES, INC.,**

        **Defendant.**
_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES** (Doc. No. 40) |
| **FILED:** | **June 1, 2009** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

## I. BACKGROUND

On April 29, 2009, Isar Meitis (the "Plaintiff") filed a third amended complaint (the "Complaint") alleging violations of the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. §§ 1701 *et. seq.*, and Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), Sections 501.201 *et. seq.*, Florida Statutes, against Park Square Enterprises, Inc. (the

"Defendant"). Doc. No. 38. On May 12, 2009, the Defendant filed its Answer and Affirmative Defenses (the "Affirmative Defenses"), asserting seventeen affirmative defenses. Doc. No. 39. On June 1, 2009, Plaintiff filed the present Motion to Strike Certain Affirmative Defenses (the "Motion"). Doc. No. 40. On June 29, 2009, Defendant filed its response in opposition (the "Response") to the Motion. Doc. No. 44. In the Response, Defendant requests that leave to amend be granted if the Court strikes any affirmative defenses. *Id*. at 10. The Motion is now before the undersigned for a report and recommendation.

**II.     THE MOTION AND RESPONSE**

Plaintiff seeks an order striking the Defendant's Second, Sixth, Eighth, Tenth, Eleventh, Twelfth, Fourteenth, and Fifteenth affirmative defenses. *See* Doc. No. 40.[1]

**A. Second Affirmative Defense**

Defendant's Second Affirmative Defense states: "[Defendant] asserts that the [Complaint] fails to state a claim for which relief can be granted pursuant to ILSA in Count I, and/or under FDUPTA in Count II." Doc. No. 39 at ¶ 56. Plaintiff argues that the Second Affirmative Defense should be stricken because it is "a bare bones conclusory allegation that fails to allege the grounds upon which it rests." Doc. No. 40 at 3. In the Response, the Defendant maintains that the Second Affirmative Defense is specifically authorized by Rule 12(b)(6), Federal Rules of Civil Procedure (2009). Doc. No. 44 at 4. Furthermore, the Defendant argues because Plaintiff has failed to demonstrate any prejudice it will suffer, the Second Affirmative Defense should not be stricken. *Id*. at 4 (citing *Augustus v. Board of Public Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962)).

---

[1] In the Motion, Plaintiff also sought an order striking Defendant's Thirteenth affirmative defense, but the Plaintiff filed a stipulation stating that Defendant had agreed to withdraw its Thirteenth affirmative defense. *See* Doc. Nos. 40, 41.

### B. Sixth Affirmative Defense

Defendant's Sixth Affirmative Defense states:

> [Defendant] asserts that [Plaintiff's] attorneys' fees and costs claims are barred by virtue of the governing law and ¶ 21 of the Purchase Contract. The Purchase Contract [Plaintiff] signed with [Defendant] expressly states in ¶ 21 thereof as follows: "[i]n any litigation or arbitration arising out of this agreement each party shall be responsible for his or her own attorney's fees and costs." 15 U.S.C. § 1709(c) only provides, in pertinent part, that the amount recoverable in an ILSA suit <u>may</u> include attorney's fees. When that "<u>may</u>" is taken in conjunction with ¶ 21 of the Purchase Contract, attorney's fees should not be awarded in the [Plaintiff's] ILSA claim. Attorney's fee demand premised on the [Plaintiff] FDUPTA claim must adhere to § 501.2105, Florida Statutes, which permits an award of attorneys' fees to prevailing party in civil FDUPTA litigation only "after judgment in the trial and the exhaustion of all appeals." The FDUPTA attorney's fee claim is at this pre-appeal stage is premature.

Doc. No. 39 at ¶ 60 (emphasis in original). Plaintiff argues that the Sixth Affirmative Defense must be stricken because "[a] contract provision cannot be used to supersede a consumer protection statute." Doc. No. 40 at 4. Plaintiff does not cite to any law in support of that argument. *Id.* Defendant asserts that the ILSA permits, but does not require attorneys' fees to be awarded to the prevailing party, but the agreement at issue in this case makes each party responsible for its own attorneys' fees. Doc. No. 44 at 4-5. Thus, the Defendant maintains that whether attorneys' fees should be awarded to the prevailing party is an issue that should not be decided by a motion to strike. *Id.* at 5.

### C. Eighth Affirmative Defense

Defendant's Eighth Affirmative Defense states:

> [Defendant] asserts that the [Complaint] fails to demonstrate a violation of ILSA and/or FDUPTA by [Defendant] because Defendant complied with, and/or is exempt from, [the ILSA], the

3

> HUD regulatory exemptions recognized in 24 C.F.R. Part 1710, Part 1715, Part 1718, and Part 1720, as well as the applicable HUD Exemption Guidelines.

Doc. No. 39 at ¶ 62. Plaintiff argues that the Eighth Affirmative Defense is conclusory, "does not admit the essential facts of the [C]omplaint," and "does not allege the grounds upon which the defense rests." Doc. No. 40 at 4. Rather, Plaintiff asserts that the Eighth Affirmative Defense "merely points out a purported defect in the [C]omplaint." Doc. No. 40 at 4. The Defendant maintains that the Eighth Affirmative Defense "is similar to and could be part of a general denial and, therefore, is allowed as a [affirmative] defense." Doc. No. 44 at 5-6.

### D. Tenth, Eleventh, Twelfth, Fourteenth, and Fifteenth Affirmative Defenses

According to Plaintiff, Defendant's Tenth (ratification and/or acquiescence), Eleventh (election of remedies), Twelfth (laches, waiver, and/or estoppels), Fourteenth (apportionment of liability), and Fifteenth (failure to mitigate damages) Affirmative Defenses (collectively, the "Equitable Defenses") assert equitable or common law defenses. *See* Doc. Nos. 39 a ¶¶ 64-66, 68-69; 40 at 5. Plaintiff argues that the Equitable Defenses should be stricken because the ILSA is a strict liability statute and, as such, "these types of defenses are not permitted in response to a statutory strict liability statute." Doc. No. 40 at 5 (citing *Jankus v. Edge Investors, L.P.*, 619 F.Supp.2d 1328, 1333 (S.D. Fla. April 8, 2009); *Tug Allie-B, Inc. v. U.S.*, 273 F.3d 936, 943 (11th Cir. 2001)). The Defendant asserts that the issue of whether the ILSA is a strict liability statute is not settled and "[i]n more than 30 years of jurisprudence, there are only four cases referring to the ILSA as a strict liability statute." Doc. No. 44 at 7 (citing *Grover Towers, Inc. v. Lopez*, 467 So.2d 358, 361 (Fla. 3d DCA 1985); *200 East Partners, LLC v. Gold*, 997 So.2d 466, 469 (Fla. 4th DCA 2008); *Jankus*, 619 F.Supp.2d at 1333; *Tedder v. Harbour Phase I*, 2009 WL 1043911 at *2

(M.D. Fla. 2009)). Moreover, Defendant argues that *Tug Allie-B, Inc.*, 273 F.3d at 942-43 is distinguishable from the present case because unlike the ILSA, the strict liability statute at issue in *Tug Allie-B* had statutorily defined defenses which precluded other defenses. *Id*.

## III. THE LAW

### Motion to Strike Pursuant to Rule 12(f)

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or in partly, by asserting new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). Rule 12(f), Federal Rules of Civil Procedure governs the sufficiency of affirmative defenses. *Id*. Pursuant to Fed.R.Civ.P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. Courts generally disfavor motions to strike. *Ayers v. Consolidated Construction Services of SW Florida, Inc.*, 2007 WL 4181910 *1 (M.D.Fla.2007).[2] A court may strike an affirmative defense if the defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)). Affirmative defenses may be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed.R.Civ.P. 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)); *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 *1 (M.D.Fla.2006). Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim asserted against it" and Rule 8(d)(1) requires that "each allegation must be simple, concise, and

---

[2] Pursuant to the Eleventh Circuit Rules, unpublished opinions are merely persuasive authority. 11th Cir. R. 36-2.

direct." Fed.R.Civ.P. 8(b) and (d)(1). Certain defenses are subject to the heightened standard of pleading contained in 9(b) which states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). Accordingly, the pleading requirements for complaints and affirmative defenses under Rules 8 and 9 are essentially the same.[3] An affirmative defense that simply contains conclusory allegations is improper. *Microsoft*, 211 F.R.D. at 684. The affirmative defense must be stricken if it provides no more than a bare bones conclusory allegation. *Id*.

## IV. ANALYSIS

Defendant's Second Affirmative Defense is improper because it contains mere conclusory allegations which are totally devoid of any allegations that would put Plaintiff on notice of the factual basis for the legal defense asserted. Thus, the undersigned recommends that the Court **GRANT** the Motion as to Defendant's Second Affirmative Defense. It is further recommend that the Defendant be granted leave to amend.

Regarding Defendant's Sixth Affirmative Defense, Plaintiff failed to cite to any authority supporting his argument that a contract provision cannot be used to supersede a provision of the ILSA. Accordingly, the undersigned recommends that the Court **DENY** the Motion as to the Sixth Affirmative Defense.

---

[3] It should be noted that under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense. "[F]or example, a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements." *McGlothan.*, 2006 WL 1679592 at *1.

Defendant's claim of exemption from the provisions of the ILSA is appropriately pled in its Eighth Affirmative Defense. According, the undersigned recommends that the Court **DENY** the Motion as to the Eighth Affirmative Defense.

Regarding Defendant's Tenth, Eleventh, Twelfth, Fourteenth, and Fifteenth Affirmative Defenses, Plaintiff's reliance on *Jankus*, 619 F.Supp.2d at 1333, for the proposition that the ILSA is a strict liability statute is not persuasive. *See* Doc. No. 40 at 5. The decision in *Jankus* was later withdrawn and superseded on reconsideration in *Jankus v. Edge Investors, L.P.*, 2009 WL 2849064 (S.D. Fla. Aug 31, 2009).[4] *Id*. In *Tedder v. Harbour Phase I Owners, LLC*, Case No. 8:08-cv-164-T-30TGW, 2009 WL 1043911 at *2 (M.D. Fla. Apr. 17, 2009), the only Middle District of Florida case cited by either party for the proposition that the ILSA is a strict liability statute, the Court relied on the *Jankus* decision that was later withdrawn. *Id*. Furthermore, Plaintiff's argument that because the ILSA is a strict liability statute, all equitable or common law defenses are barred is not persuasive. *See* Doc. No. 40 at 5 (citing *Tug Allie-B*, 273 F.3d at 943). In *Tug Allie-B*, 273 F.3d at 943, the statute at issue, the Park System Resource Protection Act, explicitly "permits only a very limited number of defenses, as is customary with strict liability statutes." *Id*. The ILSA contains no such provisions. Thus, *Tug Allie-B* is distinguishable. Accordingly, because Plaintiff has failed to provide binding authority or persuasively demonstrate that the ILSA is a strict liability statute barring all equitable or common law defenses, the undersigned is unable to find that the Equitable Defenses are insufficient as a matter of law. Thus, the undersigned recommends that the Court **DENY** the Motion as to the Equitable Defenses.

---

[4] At the time of the Motion, Plaintiff did not have the benefit of *Jankus*, 2009 WL 2849064 (S.D. Fla. Aug 31, 2009). Notably, on reconsideration, the Court no longer stated that the ILSA is a strict liability statute. *Id*.

## V. CONCLUSION.

For the foregoing reasons, it is **RECOMMENDED** that the Court:

    i. **GRANT** the Motion (Doc. No. 40) as to Defendant's Second Affirmative Defense and provide the Defendant with leave to amend; and

    ii. **DENY** the Motion (Doc. No. 40) in all other respects;

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on September 24, 2009.

Copies to:
Presiding District Judge
Counsel of Record

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE